UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-02069-TAB-SEB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff Gary S. appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff argues that the Administrative Law Judge erred in calculating Plaintiff's residual functional capacity by failing to consider the opinion of an examining psychologist, Dr. Dionne Coker-Appiah, and by failing to account for mild limitations in concentration, persistence, and pace and Plaintiff's ability to interact with others. Since the ALJ completely omitted any discussion of Dr. Coker-Appiah's opinion, the Court cannot evaluate whether the ALJ properly took it into consideration. In addition, the ALJ failed to provide a logical bridge between the evidence, her findings of mild limitations in the functional areas noted, and the ALJ's conclusion that Plaintiff could perform an RFC containing absolutely no mental limitations. Therefore, Plaintiff's request for remand is granted. [Filing No. 14.]

**II.     Background**

On December 12, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on March 10, 2017. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 10, 2017, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine and neuropathy involving the right foot. [Filing No. 12-2, at ECF p. 18.] She also found that Plaintiff's post-traumatic stress disorder was non-severe. [Filing No. 12-2, at ECF p. 19.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b), but with the following non-exertional limitations:

> He is able to lift and carry up to twenty pounds occasionally and up to ten pounds frequently. During a typical eight-hour workday, he is able to sit for six hours, stand for four hours and walk for four hours. He is able to push or pull as much as he can lift or carry. He is able to operate foot controls with left foot occasionally. He is not able to climb ladders, ropes, or scaffolds. However, he is able to climb ramps and stairs occasionally. He is able to balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. He should never work around unprotected heights. However, he is able to work with moving mechanical parts occasionally and he is able to tolerate vibration occasionally.

[Filing No. 12-2, at ECF p. 23.] At step four, the ALJ concluded that Plaintiff could perform his past relevant work as a researcher, an occupation in the sedentary exertional category, as actually and generally performed. [Filing No. 12-2, at ECF p. 27.] Accordingly, the ALJ concluded that Plaintiff was not disabled from March 10, 2017, through the date of the ALJ's decision.

### III.  Discussion

Plaintiff's overarching argument on appeal is that the ALJ's assessed RFC was not supported by substantial evidence or the relevant legal standards because it concludes that Plaintiff had no mental limitations and could, therefore, perform his past relevant work as a researcher. [Filing No. 14, at ECF p. 8.] Specifically, Plaintiff argues that the ALJ failed to confront the conclusions of Dr. Dionne Coker-Appiah, the VA Compensation and Pension Examiner, and failed to account for the ALJ's own conclusion of mild limitations to Plaintiff's ability to maintain concentration, persistence, or pace and to interact appropriately with others.

The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

### A. Failure to address opinion of Compensation and Pension Examiner

Plaintiff argues that while the ALJ alluded to the Compensation and Pension Examination conducted by Dr. Coker-Appiah, she did not confront any of the specific conclusions of limitations she made. [Filing No. 14, at ECF p. 9.] Dr. Coker-Appiah examined Plaintiff in April 2017 for a Compensation and Pension Examination at the Department of Veterans Affairs. [Filing No. 12-7, at ECF p. 115.] Dr. Coker-Appiah opined that Plaintiff suffered from PTSD. [Filing No. 12-7, at ECF p. 115.] She checked a box indicating that Plaintiff would have occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care, and conversation. [Filing No. 12-7, at ECF p. 116.] She concluded Plaintiff experienced: recurrent, involuntary, and intrusive distressing memories of the traumatic event; dissociative reactions as if the traumatic event were recurring; avoidance of or efforts to avoid distressing memories, thoughts, or feelings about or closely associated with the traumatic event; markedly diminished interest or participation in significant activities; feelings of detachment or estrangement from others; irritable behavior or angry outbursts; hypervigilance; problems with concentration; sleep disturbance; and mild memory loss. [Filing No. 12-7, at ECF p. 120-22.]

The ALJ made no mention of Dr. Coker-Appiah's opinion other than to note her belief that Plaintiff exhibited signs of PTSD because of his experiences serving in the military in Afghanistan from March until November 2014. [Filing No. 12-2, at ECF p. 20.] The ALJ did not mention any specific findings from Dr. Coker-Appiah's examination and concluded that Plaintiff's RFC did not include any mental or social limitations. [Filing No. 12-2, at ECF p. 23-24.] Plaintiff argues that Dr. Coker-Appiah's opinion that Plaintiff would experience occasional

decrease in work efficiency and intermittent periods of inability to perform occupational tasks contradicts the RFC and the ALJ's finding that Plaintiff could perform his past relevant work as a researcher, a highly skilled job he last performed in 2006 and an outcome-determining finding made by the ALJ at step four.  The vocational expert testified at Plaintiff's hearing that if an individual could only perform "simple, routine repetitive tasks" and could only have "occasional contact with supervisors, coworkers, and the public," they could not perform Plaintiff's past job as a researcher.  [Filing No. 12-2, at ECF p. 69.]  Thus, Plaintiff argues that the ALJ's complete failure to acknowledge these limitations falls grossly short of building a logical and accurate bridge from the evidence to the ALJ's conclusion.

The Commissioner describes Dr. Coker-Appiah's opinion as "the vague opinion of a one-time examiner, who posited no actual functional limitations."  [Filing No. 16, at ECF p. 1.]  The Commissioner claims Plaintiff chose "a very narrow path to remand" by arguing solely about the ALJ's conclusion that his non-severe PTSD resulted in no work-related functional limitations. [Filing No. 16, at ECF p. 3].  Perhaps so.  Yet it is troublesome that the ALJ did not even acknowledge the existence of these limitations.  The Commissioner concedes that the ALJ did not evaluate the persuasive value of Dr. Coker-Appiah's opinion but brushes it aside as harmless error.  The Commissioner claims the ALJ would have simply dismissed Dr. Coker-Appiah's opinion had she addressed it.  [Filing No. 16, at ECF p. 4.]

To write off the ALJ's omission as harmless requires the Court to make a lot of presumptions in a scenario where the ALJ provided no helpful background analysis.  The Seventh Circuit has repeatedly emphasized that the harmless error standard applies to judicial review of administrative decisions, and that courts should not remand a case if convinced that the ALJ will reach the same result.  *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (internal

citation and quotation marks omitted). The Court is not convinced that the ALJ will reach the same result, with no additional limitations in Plaintiff's RFC, upon proper review of the omitted opinion. Dr. Coker-Appiah's opinion indicates intermittent periods where Plaintiff would not be able to function at all in a work environment. The Court takes no position on what weight the ALJ should give Dr. Coker-Appiah's opinion or whether further limitations are warranted. But the ALJ's complete lack of discussion limits the Court's ability to review the issues raised and warrants remand. Plaintiff demonstrates why harmless error does not apply in this scenario.

It is, of course, often said that the ALJ need not discuss every piece of evidence in the record. Nevertheless, she "must confront the evidence which does not support [her] conclusion and explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Since the ALJ completely omitted any substantive discussion of Dr. Coker-Appiah's opinion, the Court cannot discern whether the ALJ was even aware of these potentially disabling opinions, let alone built a logical and accurate bridge from the evidence that allows the Court to engage in meaningful review of the ALJ's ultimate conclusions. Thus, remand is required.

**B.    ALJ's own finding of mild limitations unaccounted for in RFC**

Plaintiff argues that the ALJ further undermined the RFC she assessed when she failed to account for her own conclusion that Plaintiff had mild limitations in her ability to maintain concentration, persistence, or pace and with interacting appropriately with others. [Filing No. 14, at ECF p. 12.] The SSA regulations state that the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. SSR 96-8p. In addition, "[t]he hypothetical question posed by the ALJ to the [vocational expert] must fully set forth the claimant's impairments to the extent that they are supported by the medical evidence in the record." *Herron v Shalala*, 19 F.3d 329, 337 (7th Cir. 1994). The ALJ ultimately found no mental limitations as part of either the RFC or in her hypothetical questions

to the VE, despite noting mild limitations in each of the functional areas earlier in the ALJ's decision.

The Commissioner correctly points out that a mild limitation related to the paragraph B criteria does not automatically ensure that a plaintiff must have work-related functional restrictions reflected in the RFC.  [Filing No. 16, at ECF p. 4.]  However, the ALJ provided no logical explanation for concluding that Plaintiff had mild limitations but then including no actual limitations.  Moreover, as noted above, the ALJ's decision completely omits any substantive discussion of the opinion of objective examiner Dr. Coker-Appiah.  Dr. Coker-Appiah indicated some intermittent loss of psychological functioning.  Thus, on remand, the ALJ should assess whether concentration or social limitations are necessary and provide a logical bridge between the evidence and her conclusion.

**IV.    Conclusion**

For these reasons, Plaintiff's request for remand [Filing No. 14] is granted.

Date: 7/18/2022

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email